THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WILLIAM FRANCIS LATTERI,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**VANESSA MARIE ÁLVAREZ,**<br>**ABC INSURANCE INC., JOHN DOE**<br><br>     **Defendants.** | Civ. No. 22- 01488 (MAJ) |

**OPINION AND ORDER**

### I.     Introduction

On October 13, 2022, Plaintiff William Francis Latteri ("Plaintiff") filed the instant action against Defendant Vanessa Marie Álvarez ("Defendant"). On October 14, 2022, he filed an Amended Complaint. (**ECF No. 5**). Plaintiff is seeking a declaratory judgment under 28 U.S.C. § 2201 that he is the sole owner of the real property he currently co-owns with Defendant. In addition, Plaintiff is requesting monthly rent payments for every month Defendant uses the property, the imposition of costs of suit, fees, and all other relief the Court deems fair and equitable. (**ECF No. 5 at 5**). Alternatively, Plaintiff is seeking the liquidation of community property under Puerto Rico state law. (**ECF No. 5 at 1**); (**ECF No. 14 at 8 ¶ 22**).[1] [2] Before the Court is Defendant's Motion to Dismiss ("Motion") (**ECF No. 11**), to which Plaintiff has responded ("Response"). (**ECF No. 14**). For the reasons stated hereafter, the Court **DENIES** Defendant's Motion to Dismiss.

---

[1]     This is implied by the 'liquidation of community property' in the caption of the Complaint (**ECF No. 5**) and is explicitly articulated in Plaintiff's Response to the Motion to Dismiss (**ECF No. 14 at 8 ¶ 22**).

[2]     Under 28 U.S.C. § 1367(e) "the term 'State' includes . . . the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e).

## II. Background

Plaintiff is a resident of the State of Florida. (**ECF No. 5 at 2 ¶ 5**). Defendant is a resident of the State of Connecticut. *Id.* at ¶ 6. In 2015, the parties met through an online dating website.[3] *Id.* at ¶ 13. The parties began dating shortly thereafter, maintaining a long-distance relationship. *Id.* at 2 ¶ 14. By the end of 2015, the parties were engaged, but continued to maintain a long-distance relationship. *Id.* at 3 ¶ 15.

Plaintiff alleges he purchased real property in Puerto Rico on January 20, 2016, because Defendant had relatives in Puerto Rico, and the two vacationed in the island.[4] *Id.* at 2 ¶ 14; *Id.* at 3 ¶ 17. Despite Plaintiff's assertion he was the sole purchaser of the property in dispute, Defendant's name appears in the "Deed of Purchase and Sale." *Id.* at 3 ¶ 17. Plaintiff argues this only occurred due to Defendant's "deceit, manipulation[,] and insidious machinations . . ." *Id.* However, Plaintiff does concede Defendant made "de minimis contributions to the upkeep of the property not exceeding five thousand dollars."[5] *Id.* at 4 ¶ 20 (emphasis omitted). Regardless, the parties visited the property together on about twelve different occasions. *Id.* at ¶ 18.

In 2018, the relationship ended, and the parties never married. *Id.* at 4 ¶¶ 18, 19. Plaintiff alleges that throughout the course of their relationship—aside from the purchase of real property in Puerto Rico—the parties continued living in their separate residences and maintained a "complete separation of their assets and properties." *Id.* at 4 ¶ 19. Now comes this action.

## III. Legal Standard

When addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Courts should "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff []." *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must

---

[3] At the time, Plaintiff was a resident of the State of New York. (**ECF No. 5 at 2 ¶ 13**).
[4] The parties are reminded of Local Rule 5(c) which requires that all documents not in the English language be accompanied by a certified English translation. The description of the property the parties included in their filings is not in compliance with this rule
[5] Defendant maintains she also paid the deposit for the property in dispute. (**ECF No. 11 at 8 n. 1**).

"provide the grounds of his entitlements [with] more than labels and conclusions." *See Ocasio-Hernández* v. *Fortuño-Burset*, 640 F.3d 1, 8 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)'") (quoting *Twombly*, 550 U.S. at 555). Thus, a plaintiff is required to present allegations that "nudge [his] claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). *Twombly* at 570; *see e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's analysis occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662 (2009). "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, at 666 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements, and factually threadbare recitals of the elements of a cause of action. *Iqbal*, at 678; *Mead v. Independent Ass'n*, 684 F.3d 226, 231 (1st Cir. 2012) ("Any statements in the complaint that are either legal conclusions couched as facts or bare bones recitals of the elements of a cause of action are disregarded.").

In the second step of the analysis, the Court must determine whether, based on all assertions not discarded in the first step, the complaint "states a plausible claim for relief." *Iqbal*, at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or, instead, whether dismissal under Fed. R. Civ. P. 12(b)(6) is warranted. *Id*.

"To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim for relief." *Doe v. Stonehill College, Inc.*, 55 F.4th 302, 316 (1st Cir. 2022). "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id*. at 682 (citing *Twombly*, 550 U.S. at 567).

The First Circuit has warned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernández*, at 12 (citing *Iqbal*, at 680); *see Twombly*, at 556 ("[A] well-pleaded complaint may proceed even if it [appears] . . . that a recovery is very remote and unlikely.") (internal quotation marks omitted); *see Ocasio-Hernández*, at 12 (citing *Twombly*, at 556) ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard … is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

But a complaint that rests on "bald assertions" and "unsupportable conclusions" will likely not survive a motion to dismiss. *See Alston v. Spiegel*, 988 F.3d 564, 573 (1st Cir. 2021) (internal quotations and citation omitted). Similarly, bare factual assertions as to the elements of the cause of action are inadequate as well. *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d at 596.

## IV. Applicable Law and Analysis

### i. Declaratory Judgment Act

The Declaratory Judgment Act ("DJA") provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

Notably, a declaratory judgment is a form of relief, not a cause of action. *Buck v. Am. Airlines, Inc.,* 476 F.3d 29, 33 n. 3 (1st Cir. 2007) ("Although the plaintiff's style 'declaratory judgment' as a cause of action, the provision that they cite, 28 U.S.C. § 2201(a), creates a remedy, not a cause of action . . . The actual claims asserted by the plaintiffs, save only for the implied right of action claim, have their genesis in state law.") Accordingly, it is not a claim which can stand on its own.

Plaintiff is asking the Court to enter a declaratory judgment declaring him the sole owner of the real property at issue, and to impose a monthly rent payment of four thousand dollars on Defendant for every month she uses and enjoys the property. (**ECF No. 5 at 5**). Plaintiff asserts he is entitled to such relief because the property in dispute does not constitute community property, and Defendant is only named on the deed as a result of her "deceit, manipulation[,] and insidious machinations." *Id.* at 3 ¶ 17. Importantly, despite denying the existence of community property, the case caption in the Complaint and subsequent filings by Plaintiff states "Declaratory Judgment, liquidation of community property." (**ECF No. 5**); (**ECF No. 14**).

Defendant's Motion seeks dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6), because "Plaintiff does not establish the grounds of his entitlement to relief and the Complaint not even contains the elements of a cause of action for ." (**ECF No. 11 at 8**). Defendant asserts that the "allegations in the Complaint show that this case is essentially a request for liquidation of community property under Puerto Rico law [yet] no request for liquidation has been made." *Id.*

at 1. Defendant also maintains that Plaintiff fails to adequately state a fraud claim, in response to Plaintiff's use of the "deceit, manipulation[,] and insidious machinations" language. *Id.* Finally, Defendant states that she did in fact pay the deposit for the real property in dispute, and "is the only one (and has been the only one) bearing the maintenance and repair costs." *Id.* at 8 n. 1.

> Plaintiff's Response maintains that Defendant:
>
> misinterprets the allegations of the Complaint as a fraud claim, even though it is evident that the herein appearing party seeks the issuance of a declaratory judgment precisely to resolve that no community property was effectively constituted between the parties since no agreement to establish a community ownership was executed, and [Defendant] did not make any monetary contribution to the purchase of the property.[6][7]

(**ECF No. 14 at 2 ¶ 2**) (emphasis omitted). Accordingly, Plaintiff concedes he is not pursuing a claim of fraud at this time. *Id.* at 6 ¶ 16; *Id.* at 7 ¶ 19.

Moreover, Plaintiff states, "assuming arguendo that a community ownership was established, something that [Plaintiff] denies, the liquidation of any community property interests shall be made in accordance with the rules provided by the Puerto Rico Civil Code." *Id.* at 8 ¶ 22.

Despite Plaintiff's framing of the request for declaratory judgment as cause of action, as previously mentioned, a declaratory judgment is a form of relief, not a cause of action. *Buck,* 476 F.3d 29, 33 n. 3. Accordingly, the Court will only address Plaintiff's request for declaratory judgment insofar as it is relief sought. And

> [a]t the motion to dismiss stage, plaintiffs need not prove that they are entitled to each form of relief sought, so long as they have adequately plead[ed] the underlying claim . . . [furthermore] it need not appear that plaintiff can obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted.

*Marshall v. New York State Pub. High Sch. Athletic Assn., Inc.*, 290 F. Supp. 3d 187, 205 (W.D.N.Y. 2017) (internal quotations and citations omitted); *see also Capener v. Napolitano*, 11-

---

[6] Notably, however, Plaintiff states in his Complaint that "upon information and belief[,] Defendant] [] made *de minimis* contributions to the upkeep of the property not exceeding five thousand dollars ($5,000)." (**ECF No. 5 at 4 ¶ 20**).

[7] Plaintiff also highlights that at this moment, he is not seeking compensatory damages for any "deceit, manipulation, and insidious machinations" he allegedly suffered. (**ECF No. 14 at 8 ¶ 21).** He asserts that "[a]ny claim for damages based on the fraudulent acts described in the Complaint will be submitted for the consideration of the Court via an amended complaint." *Id.*

cv-00601-DN, 2012 WL 1952199, at *2 (D. Utah May 30, 2012) ("Government defendants also seek to dismiss [plaintiff's] 'First Cause of Action—Injunctive Relief.' However[,] injunctions are forms of relief, not independent causes of action, therefore neither granting nor dismissing them is appropriate at the pleading stage."). Thus, the Court will address the underlying claim.

### ii.  Liquidation of Community Assets

Bearing in mind that courts should "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff []," the Court ascertains that the underlying cause of action is a request for liquidation of property owned in common. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d at 48. As previously mentioned, the case caption in the Complaint and subsequent filings by Plaintiff states "Declaratory Judgment, liquidation of community property." (**ECF No. 5**); (**ECF No. 14**). Moreover, Plaintiff's Response states "assuming arguendo that a community ownership was established, something that [Plaintiff] denies, the liquidation of any community property interests shall be made in accordance with the rules provided by the Puerto Rico Civil Code." (**ECF No. 14 at 8 ¶ 22**). In so doing, he cites to 31 L.P.R.A. § 1271[8] which states:

> [w]hen the ownership of a thing or of a right belongs undividedly to different persons, it is held to be owned in common. In default of contracts or of special provisions, the common ownership of property shall be governed by the provisions of §§ 1271-1285 of this title.

Thereafter, 31 L.P.R.A. § 1272 states that

> [t]he share of the participants in the benefits as well as in the charges, shall be proportioned to their respective shares. The portions belonging to the participants in the common ownership shall be presumed equal until the contrary is proven.

Employing the above-mentioned provisions of the Puerto Rico Civil Code to the facts as alleged by Plaintiff, Plaintiff alleges facts sufficient—at this stage of the litigation—to refute the 50/50 presumption of ownership as directed by 31 L.P.R.A. § 1272. First, he indicates that both

---

[8]  The Puerto Rico Civil Code of 1930 is applicable to the case at bar given that the events that gave rise to this dispute occurred before the New Civil Code came into effect in November of 2020.

parties are listed as owners of the real property in dispute.[9] (**ECF No. 5 at 4 20**). This factual allegation brings the facts of the case under the purview of 31 L.P.R.A. § 1271. *Id.* Next, he alleges he contributed the entirety of the purchase price for the property, as well as the furniture, appliances, and corresponding closing costs related to the purchase. *Id.* at 3 ¶ 17. In so alleging, Plaintiff has put forward sufficient facts to demonstrate that the property is not owned in a 50/50 split per 31 L.P.R.A. § 1272. A liquidation of community property is thus warranted. Accordingly, the Complaint as plead survives the instant motion to dismiss.

Thus, for the reasons stated above, the Court denies Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of May 2023.

*s/ María Antongiorgi-Jordán*
MARIA ANTONGIORGI-JORDAN
UNITED STATES DISTRICT JUDGE

---

[9] That said, Plaintiff's suggestion that Defendant is somehow improperly named on the deed amounts to nothing more than a conclusory statement sounding in fraud, which he maintains he is not asserting. (**ECF No. 5 at 3 ¶ 17**); (**ECF No. 14 at 6 ¶ 16**).